§IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KRISTIN BERGDOLL and JADE BERGDOLL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:22-cv-3018-MDH |
| COOPERSURGICAL, INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are the following Motions to Dismiss: Defendant Utah Medical Product, Inc.'s ("UTMD") Motion to Dismiss (Doc. 21); Defendant The Cooper Companies ("TCC") Motion to Dismiss (Doc. 23); Defendant CooperSurgical ("CSI") Motion to Dismiss (Doc. 25); and Defendant Femcare, LTD.'s Motion to Dismiss (Doc. 43). Defendant UTMD moves to dismiss Plaintiffs' Complaint arguing Missouri has no personal jurisdiction over UTMD. Defendant also argues the Complaint fails to state a claim and that venue is improper. Defendant TCC moves to dismiss arguing Missouri has no personal jurisdiction over TCC based on Plaintiffs' allegations, that the Complaint fails to state a claim, and that venue is improper. CSI moves to dismiss Plaintiffs' Complaint arguing it fails to state a claim upon which relief can be granted. Finally, Femcare moves to dismiss arguing the Court has no personal jurisdiction over Femcare, Plaintiff fails to state a claim, and venue is improper. The motions have been fully briefed and are ripe for review.

## BACKGROUND

Plaintiffs filed this lawsuit for damages under Missouri law based on injuries they allege to have sustained in connection with the use of Filshie Clips, a medical device used in tubal

ligations. Plaintiff Kristin Bergdoll underwent a tubal ligation procedure in 2004 in which a Filshie Clip was utilized. Plaintiffs' Complaint, filed on January 20, 2022, alleges claims based on design defect, manufacturing defect, failure to warn, strict liability negligence, violation of consumer protection laws, gross negligence, and punitive damages against the Defendants. In general, Plaintiffs allege the Filshie Clip migrated after the initial procedure causing injury and requiring surgical intervention. Plaintiffs further contend Defendants did not warn or adequately inform Plaintiffs or their healthcare providers about how frequent the migrations occurred, the severity and permanency of potential injuries, and their notice of adverse reports and injuries.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

To survive a motion to dismiss pursuant to 12(b)(2), "a plaintiff need make only a prima facie case that personal jurisdiction exists." *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir 2014). Personal jurisdiction may be general or specific, but to establish it "a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619 (8th Cir. 2021); citing *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc*., 702 F.3d 472, 474-75. "The plaintiffs bear the burden of establishing a prima facie showing of jurisdiction, and we view the evidence in the light most favorable to the plaintiffs." *Id.*, citing *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020).

For general jurisdiction to exist, a defendant must have "affiliations with the state [that] are so systematic as render it essentially at home in the foreign state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotations omitted). Specific jurisdiction exists in a diversity suit only if permitted by the forum's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). In adopting the long-arm statute, the Missouri legislature intended to provide for jurisdiction to the full extent permitted by the due process clause. *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A*., 648 F.3d 588, 592 (8th Cir. 2011). The Due Process Clause of the Fourteenth Amendment requires that the exertion of jurisdiction over a defendant not "offend traditional notions of fair play and substantial justice." *Int' Shoe v. Washington,* 326 U.S. 321, 316 (1945).

"Due process requires that a defendant have certain 'minimum contacts' with the forum State for the State to exercise specific jurisdiction." *Morningside Church, Inc. v. Rutledge*, 9 F.4th at 619; citing *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 980 (8th Cir. 2015). The defendant's connection with the forum state must "be more than random, fortuitous, or

attenuated, and must permit the defendant to reasonably anticipate being haled into court there." *Id*. (internal citations omitted). The contacts therefore have to be based on "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*.

The Court applies a "five-factor test for assessing the sufficiency of a defendant's contacts," considering: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Id*. at 619. The first three factors are "of primary importance," while the fourth and fifth factors "carry less weight." *Id.* at 620.

"Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." *Pecoraro v. Sky Ranch for Boys, Inc*., 340 F.3d 558, 562 (8th Cir. 2003). Plaintiff must set forth facts to show that Defendants have "purposefully directed [their] activities at Missouri residents, and the claim of this suit either arises out of or relates to these activities." *Lakin v. Prudential Sec. Inc*.,348 F.3d 704, 707 (8th Cir. 2003) (internal quotations omitted).

## DISCUSSION

### 1. UTMD'S MOTION TO DISMISS (DOC. 21).

Defendant UTMD moves to dismiss Plaintiff's complaint arguing the Court lacks personal jurisdiction; Plaintiff fails to state a claim; and that venue is improper.

Defendant UTMD is a Utah Corporation with its principal place of business in Midvale, Utah. Defendant states it is a resident and citizen of Utah. UTMD alleges it did not conduct Filshie Clip business in the State of Missouri and had no purposeful contacts with physicians using Filshie

Clips in the State of Missouri. As a result, UTMD's motion states it does not have sufficient minimum contacts with Missouri regarding this suit and maintaining the suit in Missouri will offend traditional notions of fair play and substantial justice.

Plaintiffs contend UTMD has availed itself of the privilege of conducting business in the State of Missouri. Plaintiffs contend UTMD sold its products in Missouri and intended its product be used by medical professionals treating patients in Missouri. Further, Plaintiffs argue a review of UTMD's arguments, and the declaration filed in support of its motion, establish that it currently sells, markets, and distributes Filshie Clips in Missouri and has done so since at least February 2019.[1] As a result, Plaintiffs argue minimum contacts existed at the time the suit was filed (in January 2022) or within a reasonable amount of time immediately prior to the filing. See *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003) ("Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit."). Plaintiffs allege that UTMD has subjected itself to the personal jurisdiction of this Court.

Plaintiffs further argue even if UTMD was not specifically "involved" in the Filshie Clip utilized in Plaintiff's 2004 tubal ligation (at a time prior to UTMD acquiring Femcare who manufactured the Filshie Clips during that time) UTMD was marketing and selling Filshie Clips when the suit was filed and at the time when Plaintiff suffered the adverse symptoms related to the clip's migration that was discovered in October 2021. Finally, Plaintiffs argue UTMD is currently selling Filshie Clips in Missouri and marketing them as safe and effective availing themselves to jurisdiction in this Court.

---

[1] Plaintiffs state UTMD acquired the manufacturer of Filshie Clips in 2011 and purchased the remaining U.S. distribution rights from defendant Cooper Surgical in 2019.

The Court finds Plaintiffs' Complaint alleges facts sufficient to allege that UTMD currently sells, distributes, and markets the Filshie Clips in Missouri and did so at the time the suit was filed. Plaintiffs also allege UTMD had availed itself to the jurisdiction of this Court at the time the Filshie Clip at issue migrated causing Plaintiffs' alleged damage. The Court finds this is enough to survive a motion to dismiss. See *Pecoraro v. Sky Ranch for Boys, Inc*., 340 F.3d 558, 561 (8th Cir. 2003) ("To survive a motion to dismiss for lack of personal jurisdiction a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant."); see also *Blevins-Ellington v. Utah Medical Products, Inc*., 1:22-cv-00197-LLM, Dkt. #66 (Jan. 18, 2023).

However, the Court makes no determination regarding whether Plaintiffs may ultimately prevail against UTMD based on the allegations contained the Complaint. Rather, the Court finds Plaintiffs have simply alleged enough to survive a motion to dismiss based on the allegations raised in the Complaint. Discovery regarding UTMD's specific contacts with the Filshie Clip at issue, and Defendant's involvement, if any, to Plaintiffs' claims and alleged injuries, may provide further argument that is better suited for summary judgment.

In addition, Defendant makes a general argument that Plaintiffs have failed to state a claim upon which relief can be granted because UTMD is an "uninvolved parent company" and cannot be held liable for any allegations raised in the Complaint. Again, the Court finds Plaintiffs have alleged enough to survive a motion to dismiss. During discovery, the specific involvement of UTMD with regard to the allegations raised by Plaintiff will be further identified, including whether it is an "uninvolved parent company." However, for purposes of the motion to dismiss these arguments are based on facts beyond the face of the Complaint and initial pleadings.

Defendant also moves to dismiss Plaintiffs' claims arguing they are preempted by federal law because the Filshie Clip is a Class III Medical Device approved by the FDA's Premarket

6

Approval ("PMA") process. Defendants contend that Plaintiffs' claims for injuries related to a device approved through the PMA process are preempted by the Medical Device Amendments ("MDA") to the federal Food, Drug, and Cosmetic Act ("FDCA"). *Citing Riegel v. Medtronic, Inc.*, 552 U.S. 312, 128 S. Ct. 999, 169 L. Ed. 2d 892 (2008).

In response, Plaintiffs argue their claims are not preempted because their claims do not impose additional requirements on the Defendants beyond those required by the FDCA. Plaintiffs argue their state law claims parallel federal requirements and do not impose any additional or new requirements on Defendants. In *Reigel,* the Supreme Court stated "since the MDA expressly pre-empts only state requirements 'different from, or in addition to, any requirement applicable ... to the device' under federal law, the Court must first determine whether the Federal Government has established requirements applicable to the medical device. *Id.* at 321. If so, the Court must then determine whether Plaintiffs' common-law claims are based upon state law requirements with respect to the device that are "different from, or in addition to," the federal ones, and that relate to safety and effectiveness. *Id.*

Here, Plaintiffs' have alleged enough to survive a motion to dismiss on this issue. A further analysis of this claim may be better suited for summary judgment after discovery. At that time the Court can determine whether the Federal Government has established requirements applicable to Filshie Clips, and if so, whether Plaintiffs' common law claims are based upon Missouri's state law requirements that are different from, or in addition to, applicable federal ones. Again, the Court does not rule on whether preemption will ultimately bar Plaintiffs' claims, only that Plaintiffs have pled enough to survive a motion to dismiss.

Wherefore, for the reasons set forth herein, the Court finds Plaintiffs' Complaint contains sufficient allegations to survive a motion to dismiss. The Court makes no determination as to

whether Plaintiffs may ultimately prevail on the claims against this Defendant or whether additional dispositive motions may warrant dismissal of any, or all, claims based on the discovery in the case. Any such analysis will require the Court to review evidence and facts beyond the face of the initial pleadings.

### 2. THE COOPER COMPANIES, INC.'S MOTION TO DISMISS (DOC. 23).

The Cooper Companies ("TCC") seeks dismissal of Plaintiffs' Complaint arguing the Court lacks personal jurisdiction, the Complaint fails to state a claim, and venue is improper. TCC argues it is a Delaware corporation, with its principal place of business in California. TCC states it is not a resident and citizen of Missouri and did not conduct Filshie Clip business in Missouri during the periods relevant to this suit and had "no purposeful contacts with physicians using Filshie Clips in Missouri." TCC states it is the parent company of Cooper Medical Inc., and CooperSurgical is a wholly-owned subsidiary of CooperMedical, Inc. TCC contends that this does not give rise to jurisdiction in this Court. TCC argues Plaintiffs must show that the parent company dominates and controls the subsidiary. TCC further argues that there was no relationship between the entities at or before the time of Plaintiff's procedure. TCC also moves to dismiss for failure to state a claim arguing as a parent company it has no liability as an "uninvolved company."

In response, Plaintiffs note that CooperSurgical does not contest jurisdiction in their motion to dismiss. Plaintiffs further argue that TCC is the alter ego of CooperSurgical and as a result because jurisdiction exists against CooperSurgical it also exists as to TCC.

In order to make a determination on Plaintiffs' alleged "alter ego" theory the Court would need to evaluate the degree of control TCC holds over CooperSurgical, including consideration of several factors. See *Greenwood v. Davol, Inc.*, 2018 WL 465765, at *3 (E.D. Mo. Jan. 18, 2018). At this time Plaintiffs have made allegations, based on publicly available information, that TCC

has control over CooperSurgical sufficient to survive a motion to dismiss. Plaintiffs cite to the executive management teams' common members, the leadership roles held in both companies, the companies' legal counsel, the companies' websites, and the press releases that indicate the companies' involvement and business relations that are "intertangled." However, again, TCC's argument that it is an uninvolved parent company may be raised in a subsequent motion based on discovery produced in this case. The Court may reevaluate TCC's argument if the record presented reflects Plaintiffs cannot establish an alter ego theory based on the evidence presented.

Finally, TCC moves to dismiss based on preemption. For the reasons stated above, the Court denies the motion to dismiss based on preemption. The preemption analysis may be reconsidered by the Court in subsequent motions but for purposes of the Court's analysis Plaintiffs have pled enough to survive a 12(b)(6) motion.

### 3. COOPERSURGICAL, INC.'s MOTION TO DISMISS (DOC. 25).

Defendant CooperSurgical Inc. moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing federal law preempts all of the claims related to the device at issue based on the same argument raised by UTMD – that the FDA classified the Filshie Clip as a Class III medical device and it was specifically approved by the FDA pursuant to the PMA process and is preempted by the MDA.[2]

For the reasons stated herein, the Court denies the motion to dismiss based on preemption. The preemption analysis may be reconsidered by the Court in subsequent motions but for purposes of the Court's analysis Plaintiffs have pled enough to survive the 12(b)(6) motion.

### 4. DEFENDANT FEMCARE'S MOTION TO DISMISS (DOC. 43).

---

[2] As previously stated, CooperSurgical does not dispute jurisdiction in its motion to dismiss.

Defendant Femcare, moves to dismiss pursuant to Fed. R. Civ. P. 12(b) arguing Missouri has no personal jurisdiction over Femcare pursuant to the allegations in this case, Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and venue in the United States District Court for the Western District of Missouri is improper.

First, Femcare raises the same preemption argument already addressed by this Court. For the reasons stated herein, the Court denies the motion to dismiss based on preemption.

Further, the Court finds, based on Plaintiffs' allegations, Femcare has sufficient minimum contacts in Missouri to avail itself to personal jurisdiction in this Court. Femcare is alleged to manufacture and knowingly distribute the Filshie Clip to residents of Missouri. Femcare is alleged to have entered into an exclusive distribution agreement with defendant CooperSurgical and Utah Medical Products who exclusively sold the Filshie Clips in the state of Missouri. Plaintiffs further allege Femcare provided its own "qualified employee[s]" to CooperSurgical to assist with marketing, training, servicing the products, and for attending conferences with CooperSurgical. Based on Plaintiffs' allegations, Femcare is alleged to have retained control over the sale, distribution, marketing, and safety monitoring of the product. This includes software maintained by Femcare that allows it to track every Filshie Clip that has been sold, including those in Missouri.

Femcare disputes Plaintiffs' allegations and argues "it never chose which U.S. states to sell Filshie Clips" and the distributors controlled the sales to Missouri. Femcare takes the position that supplying the distributor with the product does not equate to direct contact with Missouri. Femcare argues CooperSurgical hasn't contested personal jurisdiction and as a result Plaintiffs are not without remedy in Missouri. While Femcare provides numerous arguments regarding why the are not liable for Plaintiffs' alleged claims, none of the arguments persuade the Court that the case

should be dismissed at this stage. Plaintiffs have pled enough to establish that this Court has jurisdiction.

Here, for the same reasons stated throughout this Order, the Court finds Plaintiffs have alleged enough to survive a motion to dismiss and denies Femcare's Motion to Dismiss.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **DENIES** Defendant Utah Medical Product, Inc.'s ("UTMD") Motion to Dismiss (Doc. 21); Defendant The Cooper Companies ("TCC") Motion to Dismiss (Doc. 23); Defendant CooperSurgical ("CSI") Motion to Dismiss (Doc. 25) and Defendant Femcare's Motion to Dismiss (Doc. 43).

**IT IS SO ORDERED.**

Date: February 22, 2023

                                              /s/ Douglas Harpool
                                      **DOUGLAS HARPOOL**
                                      **UNITED STATES DISTRICT JUDGE**